UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICIA A. MORALES,

                         Plaintiff,

        v.                                                      **DECISION AND ORDER**
                                                                 13-CV-550S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

        1.      Plaintiff Patricia A. Morales challenges an Administrative Law Judge's ("ALJ")

decision, dated February 18, 2011, wherein the ALJ determined that Plaintiff was not

disabled under sections 216(i),223(d), and 1614(a)(3)(A) of the Social Security Act.  She

now contends that the determination is not based upon substantial evidence, and reversal

is warranted.

        2.      Plaintiff protectively filed applications for a period of disability and disability

insurance benefits, as well as an application for supplemental security income, on July 16,

2009.  In both applications she alleged a disability beginning on August 2, 2007. The

applications were initially denied on November 4, 2009, and Plaintiff was granted a hearing

on that denial. She testified before the ALJ on February 11, 2011.  The ALJ issued a

decision denying Plaintiff's applications on February 18, 2011.  The Appeals Council

denied Plaintiff's request for review on March 27, 2013, rendering the ALJ's determination

the final decision of the Commissioner. Plaintiff filed the instant action on May 24, 2013.

        3.      Plaintiff and the Commissioner each filed a Motion for Judgment on the

Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Judgment on

the pleadings is appropriate where material facts are undisputed and where a judgment

on the merits is possible merely by considering the contents of the pleadings.  Sellers v.

M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5.      To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of

Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.    The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act.  See 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.    This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.    While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national

economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since August 2, 2007, her asserted onset date (R. 23);[1]  (2)  Plaintiff had the following severe impairments: mild osteoarthritis and degenerative disc cervical spine disc disease, chronic knee pain, back pain, chronic obstructive pulmonary disease ("COPD"), obesity and hypertension (R. 23-24); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled a recognized disabling impairment under the regulations (R. 25); (4) Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: simple routine repetitive tasks; must avoid any respiratory irritants and prolonged exposure to temperature extremes; only occasional postural acts such as climbing, balancing, and stooping; and must have a sit/stand option (R. 25-29); and (5) although she could not perform any of her past relevant work, considering her age, education, experience, and RFC, there were sufficient jobs in the national economy that she could perform.  (R. 29-30.)

10.      Plaintiff first contends that the ALJ "committed grievous error by factually misrepresenting the July 2010 treating source opinion of Dr. Glick." (Pl's Mem of Law at 20-22.)  A treating physician's opinion is generally given more weight than that of other reports, and in fact will be given controlling weight if it is "well-supported by medically acceptable [evidence] and is not inconsistent with the other substantial evidence in [the]

---

[1] Citations to the underlying administrative record are designated as "R."

record." Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999); see 20 C.F.R. § 404.1527(c)(2).

At issue for Plaintiff is the medical questionnaire completed by Dr. Glick in July 2010.  The questionnaire, by way of check boxes, inquired whether Plaintiff could perform heavy, medium, light, or sedentary work. (R. 655-56.)  Dr. Glick did not check any box. Instead, when prompted with "If client can perform none of the above, please explain," Dr. Glick wrote "reassess 6 months." (R. 655.)  Plaintiff argues that the ALJ erroneously construed this as an assertion that Dr. Glick was unable to assess what level of work, if any, Plaintiff could perform.  Instead, the only logical interpretation in Plaintiff's opinion is that Dr. Glick concluded that Plaintiff could not perform any work, an opinion entitled to substantial weight. (Pl's Mem of Law at 21-22.)

Initially, the July 2010 questionnaire was not the only one completed by Dr. Glick. As the ALJ explained in her decision:

> On January 27, 2010, the claimant's physician, Dr. Glick opined that the claimant could perform sedentary work based on her long history of chronic pain, depression and the fact that she has had multiple motor vehicle accidents.  He then went on to opine that the claimant is expected to make further significant improvement likely through medical treatment or rehabilitation.  This opinion is given moderate to substantial weight as it comes from the claimant's treating physician, but is largely based on the claimant's subjective allegations and is not entirely consistent with the objective medical evidence as a whole.  Thus, it clearly cannot be assigned controlling weight.  Dr. Glick filled out an identical form again on July 14, 2010.  This time [Dr. Glick] did not note whether the claimant could perform heavy, medium, light or sedentary work but that he would reassess the situation in six months.

(R. 28-29 (internal citation omitted).)  The ALJ did not interpret Dr. Glick's failure to mark a category in one way or another, but accurately described the document at issue.  It cannot therefore be concluded that, as Plaintiff argues, the ALJ relied on an erroneous assumption in reaching her determination. Further, "reassess 6 months" does not "explain" why Plaintiff could not perform any category of work as requested.  Thus, even interpreting

Dr. Glick's response to this form questionnaire as Plaintiff suggests, it would amount to a conclusory assertion of total disability rather than a "medical opinion" entitled to any special significance, inasmuch as such determinations are within the exclusive purview of the Commissioner. 20 C.F.R. § 404.1527(d)(1),(3).

11.    Plaintiff next argues that the ALJ erred in finding that her depression was not a severe impairment without first developing the record on this issue. (Pl's Mem of Law at 23-27.)  The ALJ concluded that Plaintiff's depression did not cause more than a minimal limitation in her ability to perform basic work activities because there was no evidence of any limitation in Plaintiff's daily living activities, her social functioning, or any episodes of decompensation. (R. 24.) Further, there was no "objective medical evidence or any other evidence from a health care provider in the mental health arena indicating that the claimant's mental impairment has any impact on [Plaintiff's] concentration[,] persistence or pace." (R. 24.)

The ALJ's conclusion that Plaintiff did not have severe mental limitation, which was based in part on the finding that there was no limitation in Plaintiff's concentration, persistence or pace, conflicts with her RFC conclusion that Plaintiff was limited to simple routine repetitive tasks.  Any error in failing to identify a severe impairment, however, is harmless if that impairment is specifically considered during the subsequent steps. See generally Reices-Colon v. Astrue, 523 F. App'x 796, 798 (2d Cir. 2013).  The ALJ expressly considered the possibility of mental impairments during her RFC assessment.  She noted that Dr. Glick wrote "needs a psychiatrist!" on the July 2010 questionnaire, but gave this "opinion" only moderate weight because it was based primarily on Plaintiff's subjective complaints and, further, Dr. Glick had no apparent specialization in the psychological or psychiatric fields. (R. 29.) Thus, any error in the ALJ's conclusion that Plaintiff did not have

a severe mental limitation at step two of her analysis is harmless.

Plaintiff does not dispute the finding that the record lacks objective medical evidence regarding the alleged severity of her depression, but argues that this absence results from the ALJ's failure to adequately develop the record.  Given the non-adversarial nature of a disability benefits hearing, an ALJ has an obligation to "affirmatively develop the medical record before rendering a final decision, even when the claimant is represented by legal counsel." Rizzo v. Astrue, No. 08-CV-3219(ADS), 2009 WL 3297781, *5 (E.D.N.Y. Oct. 13, 2009) (citing Perez v. Chater, 77 F.3d 41, 47 (2d Cir.1996)).  As Defendant notes, however, the duty to develop the record beyond the twelve-month period prior to the filing of the application is only triggered by the necessity of further information to resolve inconsistencies or inadequacies in the record. see Ericksson v. Comm'r of Social Security, 557 F.3d 79, 83 (2d Cir. 2009); Rosa v. Callahan, 168 F.3d 72, 79 n. 5 (2d Cir. 1999); DeChirico v. Callahan, 134 F.3d 1177, 1184 (2d Cir. 1998).

"A diagnosis of depression, without more, does not severely impair a plaintiff's performance of any major life activity." Lefever v. Astrue, No. 5:07-CV-622 (NAM/DEP), 2010 WL 3909487 *3 (N.D.N.Y. Sept. 30, 2010) (citing Torres v. Astrue, 550 F. Supp. 2d 404, 411 (W.D.N.Y. 2008)), aff'd, 443 F. App'x 608 (2d Cir. 2011). Nor is referral for a consultative examination warranted where the record does not suggest that a claimant suffered from mental impairments resulting in work related limitations. Lefever, 2010 WL 3909487 at *7.  Thus, if the ALJ had concluded that the record did not support any mental limitation, no gap in the record would be said to exist here.  Problematic, however, is the fact that despite continuously asserting that Plaintiff had no limitations in either concentration or daily living due to her mental condition (R. 24, 28), the ALJ nonetheless concluded that Plaintiff could perform only simple, routine, repetitive tasks. (R. 25.)  It is

therefore apparent that the ALJ did find some evidence of mental impairment, but without any explanation of the reasoning for this finding, this Court cannot properly consider whether the ALJ erred in failing to further develop the record.   Remand is therefore required.

12.     In light of this determination, consideration of Plaintiff's argument regarding credibility would be premature at this time.

13.     For the foregoing reasons, this Court cannot conclude that the ALJ's determination is supported by substantial evidence.  Plaintiff's Motion for Judgment on the Pleadings is granted.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED;

FURTHER, that the decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner of Social Security for further proceedings consistent with the above decision;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:   September 28, 2014
          Buffalo, New York


                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                                   Chief Judge
                              United States District Court